Mr. Nkrumah Lumumba Valier
TDCJ-No. 1546714
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

April 1, 2015

To: Clerk
    Court OF Criminal Appeals
    P.O. Box 12308, Capitol Station
    Austin, Texas 78711

Re: Cause no. 1030025-C

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 07 2015
Abel Acosta, Clerk

Dear Clerk:
    Please Find enclosed and File Applicant's Objection To
The State's Proposed Findings Of Fact, Conclusions OF Law, And
Order.

    Please bring to the attention of the Court and the Applicant
is requesting a evidentiary hearing concerning the DNA evidence was
False and material that was illegally obtained on July 2005 in cause no.
1150625 that effected the out come OF the test results in cause no. 1030025
the primary case. Please notify the Applicant at above address when this
objection was Filed and all rulings of the Court in this matter.

    Thank you For any and all assistance in this matter.

Respectfully,
Nkrumah Lumumba Valier

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 05 2015

Abel Acosta, Clerk

77,638-11

Cause no. 1030025-C

EX PARTE                                   IN THE 184TH DISTRICT COURT

NKRUMAH LUMUMBA VALIER,    OF
        Applicant

                                        HARRIS COUNTY, TEXAS


APPLICANT'S OBJECTION TO THE STATE'S PROPOSED
FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER

---

On March 12, 2015 Judge Jan Krocker in the 184th District Court of Harris County, Texas recommended that relief be dismissed. The Applicant now Object to the State's Proposed Findings of Fact, Conclusions of Law, And Order based on the following Finding of Fact and conclusions of law:

1. The Applicant is presently confined pursuant to a conviction in the primary case, the Applicant has invoked the proper jurisdiction of Article 11.07 of the Texas Code of Criminal Procedure.

The Newly Discovered Evidence was not made available to the Applicant until March 19, 2014 by Assistant Attorney General Melisa L. Hargis. In the Respondent Stephen's Motion For Summary Judgment with Brief in Support in Civil Action No. H15-3257 on page 12 established that Judge Jan Krocker in the 184th District Court of Harris County, Texas was the trial Judge in cause no. 1150625. The Applicant is now serving 40 years in prison on cause no. 1150625 due to the State's failure to disclose to the Applicant cause no. 1150625 prior to the plea agreement in the primary case. And the State Continued not to disclose this information to the Applicant during the First Filing of cause no. 1030025-A on October 9, 2013. See Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10

L.Ed.2d (1963). The Applicant is entitled to have cause no.1030025 VOIDED based on the government's violation of the Brady Rule, which requires the government in a criminal prosecution to disclose to an accused Favorable material evidence. Whether a Brady Violation occurred is a two part inquiry. First, the prosecution must have failed to disclose "evidence Favorable to an accussed" that is relevent to guilt or punishment. The Applicant would not have plead guilty in the primary case cause no.1030025 and would have insisted on a trial had he Knew that Cause no.1150625 was pending against him. The State and the appointed counsel Knew of the DNA match in July 2005 in cause no.1150625 giving them the identity of the applicant, but Failed to disclose that relevent evidence to the Applicant. The State's intentional misconduct resulted in the Applicant's present conviction in cause no.1150625 and the primary case cause no.1030025 was used in the punishment phase of trial to enhance the Sentence to 40 years.

2. The evidence was False and material involving the illegally obtained DNA on July 2005 in cause no.1150625 and effected the outcome of the test results in cause no.1030025. The DNA was obtained invoilation of the law under Article 38.23(a) violating my Fourth Amendment Rights. The State is guilty of misconduct by engaging in "Dry Labbing", in which "results were actually arrived at by guess work or using evidence or results From another analysis. The Applicant was being sued by Cordelia Rogers to establish if he was the Father of Caleb Rogers in 2005. Testing was done at the same Lab. Cordelia Rogers is related to Tiffany Rogers in cause no.1150625 and they shared a apartment with Vernessa Carla Sylvester in cause no.1030025 on Fondren and W.Belfort in S.W. Houston. The Judge in the 184th District Court did not issue a Court order to obtain the Applicant's DNA in July 2005. Dr. Lura Ghan the Supervisor of the Houston Police Department already had the applicant's DNA sample prior to Judge Jan Krocker issued the Court Order in the primary cause no.1030025. Where did the State get the DNA sample to run test on July 2005 on cause no.1030025?

2

See Exparte Turner, 394 S.W. 3d 513 (Tex. Crim. App. 2013); and Exparte Hobbs, 393 S.W. 3d 780 (Tex. Crim. App. 2013). The Applicant admits that he had consentual sex with the prostitute Vernessa Sylvester in April 2005. But the indictment in cause no. 1030025 alleged March 23. 2005, it would be scienctifically impossible For the State to Find the Applicants DNA in a rape Kit done on March 23, 2005. When he did not engage into consentual sex with Vernessa Sylvester until April 2005. Thats why Vernessa Sylvester didint tell the police that "Nkrumah Valier the barber that "I Know who works at the barber shop next door to where I lived was the man sexually assaulted me on March 23, 2005. This is because the State illegally manuFactured evidence to Falsely incriminate the applicant For rape using the illegally obtained DNA evidence in July 2005.

3. The appointed counsel was ineffective when he advised the applicant to plea guilty in cause no. 1030025 when he knew or should've known of the DNA evidence linking his client to cause no. 1150625 in July 2005. The trial counsel was ineffective when he Failed to advise his client that he was also representing him on cause no. 1150625 or that it was pending with the primary case being heard by Judge Jan Krocker in the 184th District Court. The trial attorney was ineffective when he Failed to object and Motion to Dismiss the "DNA evidence obtained in violation of the Law" under Article 38.23(a). That violated the applicant's 4th Amendment rights. The trial attorney was ineffective when he advised the applicant that his DNA cleared him of all 25 sexual assault cases ran against him with the primary case. The trial counsel was ineffective when he Failed to make sure that cause no. 1150625 was properly disposed of and dismissed on September 11, 2006 within the primary case. IF not For the counsel's errors, the applicant would not have plead guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S 52 (1985) and Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064. 80 L. Ed. 2d 674, 693 (1984).

Date Executed on: 4-1-15

Respectfully submitted,
Nkrumah Lumumba Valier

3

Cause No. 1030025-C

EX PARTE                          IN THE 184th DISTRICT COURT

NKRUMAH LUMUMBA VALIER,           OF
Applicant
                                  HARRIS COUNTY, TEXAS

## CERTIFICATE OF SERVICE

The Applicant certifies that I have served a copy of Applicant's Objection To The State's Proposed Findings of Fact, Conclusions of Law, And Order in Cause number 1030025-C to the Court of Criminal Appeals on April 1, 2015, by mail as follows:

Clerk
COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

Respectfully Submitted,
Nkrumah Lumumba Valier
NKrumah Lumumba Valier
TDCJ-No. 1546714
Applicant, Pro Se
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022